IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **ALBERT GREEN, JR.,** *et al.*, | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | Civil No. **PJM 17-3207** |
| | * | |
| **BWW LAW GROUP LLC,** *et al.*, | * | |
| | * | |
| Defendants. | * | |

## MEMORANDUM OPINION

*Pro Se* Plaintiffs Albert Green, Jr., Ida Green, and Ephonia Green have sued Carrie M. Ward, Joseph Delozier, and the law firm that employs or employed them, BWW Law Group, LLC, alleging a single violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), relating to a foreclosure proceeding in the Circuit Court for Prince George's County initiated against their residence at 4611 Palomino Crossing, Upper Marlboro, Maryland (the "Property").[1]

Several motions are pending before the Court. Defendants have filed a Second Motion to Dismiss.[2] ECF No. 18. In opposition, Plaintiffs have filed a Motion to Amend and to Respond to Defendants' Opposition (ECF No. 16) and a Motion for Summary Judgment (ECF No. 23). Plaintiffs have also filed several motions requesting discovery. These include: a Motion to Produce Discovery Materials (ECF No. 12) and a Motion for Order Overruling Objections (ECF No. 17). In response, Defendants filed a Motion to Stay Discovery (ECF No. 22) as well as a

---

[1] The docket in the underlying foreclosure case reflects that Plaintiffs are still attempting to litigate the sale in state court. *WBGLMC v. Green*, No. CAEF15-08484. Plaintiffs attempted to remove the case to this Court on June 9, 2017, in Civ. No. PJM-17-1602, which the Court remanded on October 18, 2017.

[2] On November 22, 2017, Defendants filed their First Motion to Dismiss. However, because the docket reflected that Plaintiffs had not paid the filing fee, the Court dismissed the case without reaching the merits of the motion. The case was reopened after the Clerk's Office determined that the fee had in fact been paid and Defendants then filed a Second Motion to Dismiss.

1

Motion to Stay Determination of Summary Judgment (ECF No. 25). Also pending before the Court is Plaintiffs' Motion Requesting a Jury Trial. ECF No. 26.

For the reasons that follow, the Court **GRANTS WITH PREJUDICE** the Motion to Dismiss (ECF No. 18) and **DENIES** Plaintiffs' request for leave to amend the Complaint (ECF No. 16). All other motions are **MOOT.**

## I. FACTUAL AND PROCEDURAL BACKGROUND

On September 12, 2011, Plaintiffs entered into a mortgage loan agreement with Monarch Bank in connection with their purchase of the Property. ECF No. 3-2 at 16-34.[3] The loan agreement included a Promissory Note which was subsequently transferred to Wells Fargo Bank, N.A. *Id.* On December 2, 2013, Plaintiffs defaulted on their loan repayment obligations. *Id.* at 55. As a result, on September 30, 2014, BWW Law Group sent them a letter concerning the debt. ECF No. 3-4. This letter contains a debt collector warning and includes information about the lien, current creditor, and loan balance. *Id.* Shortly after the issuance of this letter, Carrie M. Ward, among other individuals who are not named in the present suit, was appointed as Substitute Trustee under the Deed of Trust. ECF No. 3-2 at 43-44.

On April 9, 2015, the Substitute Trustees filed an Order to Docket Foreclosure against the Property in the Circuit Court for Prince George's County. *WBGLMC v. Green*, No. CAEF15-08484. The Property was sold at a foreclosure sale and, on January 31, 2017, the state court entered an order ratifying the sale. ECF No. 3-5.

On March 6, 2017, Plaintiffs sent Defendants a request to validate the debt. ECF No. 1 ¶ 9; ECF No. 1-2. On March 21, 2017, Plaintiffs contested the foreclosure sale by filing a Motion

---

[3] The Court may take judicial notice of matters of public record without converting a motion to dismiss to one for summary judgment. *See Philips v. Pitt County Memorial Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009); *Velasco v. Gov't of Indonesia*, 370 F.3d 392, 398 (4th Cir. 2004); *see also* discussion in Part II, *infra*.

to Overturn Foreclosure for Mortgage Fraud, which the state court denied on April 14, 2017, construing the motion to be exceptions to the sale.[4] ECF No. 3-7. Plaintiffs continued to file various motions challenging the foreclosure sale, all but one of which the state court has denied. *See WBGLMC v. Green*, No. CAEF15-08484.

After an unsuccessful attempt to remove the state foreclosure proceeding to this Court, Plaintiffs then filed a new Complaint here, alleging a single violation of the Fair Debt Collection Practices Act on October 30, 2017. Specifically, Plaintiffs allege that they first received the Notice to Vacate on February 10, 2017, as a result of the foreclosure proceeding. ECF No. 1 ¶ 8. In response, they sent a letter requesting a validation of the debt, which Defendants failed to respond to in violation of §1692g(a) and (b). *Id.* ¶¶ 9-10. Instead, Plaintiffs received a Motion for Judgment to Award Possession of the Property and several other court documents. *Id*.

Plaintiffs request an injunction, compensatory damages in the amount of $4.5 million, and punitive damages in the amount of $10 million. *Id.* at 4.

Defendants have filed a Motion to Dismiss the Complaint as barred by *res judicata* and in any event for failure to state a claim. ECF No. 18. Plaintiffs oppose the Motion and, in response, ask the Court grant summary judgment in their favor or grant them leave to amend the Complaint. ECF Nos. 16, 23.

## II. LEGAL STANDARD

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a plaintiff must plead facts sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007). But this standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although a

---

[4] The motion alleges that the FDCPA was not followed and, more specifically, that no validation of the debt was provided. ECF No. 3-6 ¶¶ 1-4.

court will accept factual allegations as true, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Indeed, the court need not accept legal conclusions couched as factual allegations or "unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Markets, Inc. v. J.D. Associates Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). In the end, the Complaint must contain factual allegations sufficient to apprise a defendant of "what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (internal quotations and citations omitted).

While federal courts are obliged to liberally construe a *pro se* litigant's claims in applying the above analysis, this requirement "does not transform the court into an advocate." *United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012) (internal quotations and citations omitted). The Fourth Circuit has noted that "[w]hile *pro se* complaints may 'represent the work of an untutored hand requiring special judicial solicitude,' a district court is not required to recognize 'obscure or extravagant claims defying the most concerted efforts to unravel them.'" *Weller v. Dep't of Soc. Servs.,* 901 F.2d 387, 391 (4th Cir. 1990) (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985)). Accordingly, although the facts alleged in a plaintiff's complaint must be taken as true, bare conclusory statements "are not entitled to the assumption of truth." *Aziz v. Alcolac, Inc.*, 658 F.3d 388, 391 (4th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679)) (internal quotation marks omitted).

Accepting the facts as alleged in the Complaint as true, when reviewing a motion to dismiss, the Court "may consider documents attached to the complaint, as well as documents attached to the motion to dismiss, if they are integral to the complaint and their authenticity is not disputed." *Sposato v. First Mariner Bank*, No. CCB–12–1569, 2013 WL 1308582, at *2 (D. Md. Mar. 28, 2013). The Court may take judicial notice of state court documents pursuant to Fed. R.

4

Evid. 201 and 803(8)(a)(1). When a defendant asserts that facts outside of the complaint deprive the court of jurisdiction, the Court "may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Velasco v. Gov't of Indonesia*, 370 F.3d 392, 398 (4th Cir. 2004). Specifically, in considering a *res judicata* defense at the motion to dismiss stage, a court may consider the "documents from the underlying case." *Andrews v. Daw*, 201 F.3d 521, 524 n.1 (4th Cir. 2000).

### III. ANALYSIS

The Court will address Defendants' Motion to Dismiss first because, if granted, it will moot all the remaining motions.

**A. Motion to Dismiss**

In their pending Motion to Dismiss, Defendants argue that the Complaint must be dismissed because: (1) it is barred by *res judicata* by reason of the state foreclosure proceeding; (2) Plaintiffs waived their right to dispute the debt; (3) Plaintiffs have failed to state a claim under the FDCPA; and (4) Plaintiffs have failed to state a claim for declaratory or injunctive relief. ECF No. 18.

Plaintiffs submit that *res judicata* is not applicable because different issues are involved, e.g., they have now alleged fraud. The challenges they raise here, they say, were unavailable to them when they appeared in the foreclosure action and therefore cannot be barred by *res judicata*. Additionally, Plaintiffs argue that they never personally appeared in the foreclosure proceeding so it cannot have preclusive *in personam* effect; rather, it was solely *in rem*. Despite their numerous filings with the Court, Plaintiffs have failed to address the remaining arguments in Defendants' Motion to Dismiss.

The Court agrees that Plaintiffs' claim is barred by *res judicata* and therefore grants the Motion to Dismiss on that basis. *See also McMillan v. Bierman, Geesing, Ward & Wood LLC*, No. WMN–11–2048, 2012 WL 425823, *5 n.6 (D. Md. Feb. 8, 2012) ("As the doctrine of *res judicata* operates to bar all claims, the Court need not address the applicability of [other] defenses.").

The doctrine of *res judicata*—known in some courts as claim preclusion or direct estoppel—forbids the re-litigation of a claim that was decided or could have been decided in a prior suit. *See Snider Int'l Corp. v. Town of Forest Heights*, 906 F. Supp. 2d 413, 426 (D. Md. 2012). In Maryland a subsequent claim is barred by the doctrine of *res judicata* when: (1) the parties in the present litigation are the same or in privity with the parties to the earlier suit; (2) the second suit presents the same cause of action or claim as the first, or the claim could have been raised in the prior suit but was not; and (3) the prior adjudication was a final judgment on the merits by a court of competent jurisdiction. *Bullock v. Ocwen Loan Servicing, LLC*, No. PJM 14-3836, 2015 WL 5008773, at *5 (D. Md. Aug. 20, 2015) (citing *R & D 2001, LLC v. Rice,* 402 Md. 648, 938 A.2d 839, 848 (Md. 2008)). Maryland has adopted a transaction test to determine what constitutes the same claim for *res judicata* purposes. *King v. Caliber Home Loans, Inc.*, No. GJH-16-3489, 2017 WL 4250509, at *4 (D. Md. Sept. 22, 2017) (citing *McMillian*, 2012 WL 425823 at *4). Under this test, claims that arise out of the same transaction are considered part of the same cause of action. *Id.* Courts in this District have deemed consumer protection claims brought against the foreclosing defendants to be part of the same transaction if they "all arise out of the defendants' conduct leading up to the foreclosure." *Id.* (quoting *McMillan*, 2012 WL 425823 at *5); *see also Bullock*, 2015 WL 5008773 at *6.

Here, all three *res judicata* elements are satisfied. The first element is met because the parties in this proceeding and the foreclosure proceeding are the same or are in privity with one another. The Greens are defendants in the foreclosure proceeding and Carrie M. Ward is one of the Substitute Trustees. BWW Law Group is the law firm associated with the Substitute Trustees and Joseph Delozier was an attorney with BWW Law Group. *See* ECF No. 1-3.

The second element is satisfied because Plaintiffs raised an FDCPA claim in their exceptions to the foreclosure sale in state court. Though there is some authority from the Maryland Court of Appeals for the proposition that if a foreclosure judgment is a "solely [ ] *in rem* judgment," a mortgagor can re-litigate the validity of the deed of trust and the right to foreclose in the foreclosure proceeding, even though these were conditions precedent to commencing a foreclosure action in Maryland, *see Fairfax Sav., F.S.B. v. Kris Jen Ltd. P'ship,* 338 Md. 1, 20, 655 A.2d 1265 (1995), this Court noted that there is also authority for the proposition that the mortgator's filing of post-sale exceptions to a foreclosure sale—which is what happened here—renders the foreclosure proceeding both *in rem* and *in personam*, thereby precluding separate suits based on the improper actions of the lender that occurred prior the foreclosure sale. *Bullock*, 2015 WL 5008773 at *6; *see also Jones v. HSBC Bank USA, N.A.*, 444 F. App'x 640, 644 (4th Cir. 2011) ("When the mortgagor voluntarily appears and raises objections, however, the action results in an *in personam* judgment with preclusive effect."). As previously noted, Plaintiffs raised the same FDCPA claim in their exceptions to sale, namely that Defendants did not follow the statute's debt validation requirements. *See* ECF No. 3-6 ¶¶ 1-4. All their claims could have been raised in the foreclosure proceeding. Thus, under Maryland's transaction approach, they are barred.

Finally, the third *res judicata* element has been satisfied because a review of the Circuit Court docket in the foreclosure proceeding indicates that that state court has issued a final judgment on the merits. It has overruled Plaintiffs' exceptions, ratified the sale, closed the case, and denied all but one of Plaintiffs' motions to overturn the sale.[5] "The effect of a final ratification of sale is *res judicata* as to the validity of such sale[.]" *Jones v. Rosenberg*, 178 Md. App. 54, 72 (2008).

Accordingly, Plaintiffs' FDCPA claim is barred by the doctrine of *res judicata*, but before dismissing the Complaint with prejudice, the Court will evaluate whether Plaintiffs should be granted leave to amend.

**B. Leave to Amend**

Federal Rule of Civil Procedure 15(a)(2) instructs that the Court should freely give leave to amend a pleading when justice so requires. A motion to amend should be denied "only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *HCMF Corp. v. Allen*, 238 F.3d 273, 276 (4th Cir. 2001) (citation and quotation marks omitted). If an amended complaint could not withstand a motion to dismiss, a motion to amend should be denied as futile. *See Perkins v. United States*, 55 F.3d 910, 917 (4th Cir.1995).

Though Plaintiffs have not filed a proposed amended complaint, they request leave to amend and, in one of their motions, suggest that they wish to bring additional allegations under other consumer protection statutes, including the Truth in Lending Act ("TILA"), the Maryland Consumer Debt Collection Act ("MCDCA"), Maryland Consumer Protection Act ("MCPA"), and the Real Estate Settlement Procedures Act ("RESPA"). ECF No. 23. However, Plaintiffs

---

[5] A review of the docket indicates that one motion, filed on April 2, 2018, is still pending. The case was closed on April 26, 2017. *See WBGLMC v. Green*, No. CAEF15-08484.

have cited no facts that would plausibly state a claim under these statutes nor does anything in their papers suggest that these claims would not be similarly barred under the doctrine of *res judicata*. Instead, Plaintiffs make sweeping allegations of fraud in a patent attempt to collaterally attack the foreclosure proceeding rather than allege separate federal claims that could survive a motion to dismiss.

Their request for leave to amend the Complaint is **DENIED**.

## C. Remaining Motions

Because the Court is granting Defendants' Motion to Dismiss, the remaining Motions are **MOOT.**

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS WITH PREJUDICE** Defendants' Motion to Dismiss (ECF No. 18). Plaintiffs' Motion for Leave to Amend (ECF Nos. 16) is **DENIED.** The remaining Motions are dismissed as **MOOT.**

A separate Order will **ISSUE**.

/s/
**PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE**

May 3, 2018